## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MARCO TORRES** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** _____ |
| | ) | |
| **KANSAS HEAVY CONSTRUCTION, L.L.C.** | ) | |
| <u>**Serve at:**</u> | ) | |
| **Tom Geifer, Managing Member** | ) | |
| **19425 State Ave.** | ) | |
| **Tonganoxie, KS 66086** | ) | |
| | ) | |
| **Defendant.** | ) | |

### COMPLAINT- EMPLOYMENT DISCRIMINATION AND SEXUAL HARASSMENT
### TITLE VII CIVIL RIGHTS ACT OF 1964 42 U.S.C. 2000e ET. SEQ.

COMES NOW Plaintiff, by and through Counsel, and for his Complaint against the Defendant, Kansas Heavy Construction, L.L.C. states the following.

### Parties, Jurisdiction and Venue

1. Plaintiff is, and at all times relevant to this Petition was a Citizen and resident of Kansas.

2. Defendant Kansas Heavy Construction, L.L.C. is a Kansas Limited Liability Company in good standing, doing business in Kansas, with its principal place of business in Wyandotte County, Kansas.

3. At all times relevant to this Petition Defendant Kansas Heavy Construction, L.L.C. had more than 25 employees and was an "employer" subject to the provisions of Title VII of the Civil Rights Act of 1964 per 42 U.S.C. 2000e (2).

4. The cause of action arises under 42 U.S.C 2000e and presents a federal question.

5. At all times relevant to this Petition Bob Zink was a supervisory employee of Defendant Kansas Heavy Construction, L.L.C., employed by the Defendant as a Pipe Fitter Superintendent.

6. At all times relevant to this Petition Bob Zink had immediate supervisory authority over the Plaintiff and was the Plaintiff's immediate supervisor.

7. As Mr. Zink's Employer, Defendant is vicariously liable for the actions of Mr. Zink as described herein.

8. The Plaintiff was employed by the Defendant between August 17, 2014 and May 27, 2015.

9. The Plaintiff timely filed a complaint of discrimination with the Equal Employment Opportunity Commission on November 25, 2015.

10. The Equal Employment Opportunity Commission issued its right to sue letter to Plaintiff on December 8, 2016. This Complaint is being timely filed within 90 days after the issuance of the said right to sue letter.

11. The discriminatory acts complained of occurred in Kansas.

12. Jurisdiction and Venue are proper in this Court.

**Facts Applicable to All Counts**

13. Plaintiff incorporates paragraphs 1 through 12 of this Complaint by reference, as if fully set forth herein.

14. Plaintiff began his employment for the Defendant as a laborer on August 17, 2014.

15. On many occasions between August 17, 2014 and November 31, 2014, Bob Zink called Plaintiff a "Bitch", "Stupid Mexican", "Sissy" and "Wet Back."

16. The said derogatory language between August 17, 2014 and November 31, 2014 was pervasive, offensive, unwelcome, constant and demeaning.

17. Between August 17, 2014 and November 31, 2014, Plaintiff asked Mr. Zink to stop using the derogatory language set forth herein.

18. Between August 17, 2014 and November 31, 2014, Matt Gripka, a project manager and managerial employee of the Defendant, Jeff Gragg, a concrete superintendent and managerial employee of Defendant and Kent Marsh, a project manager and managerial employee of Defendant were made aware of and/or witnessed Mr. Zink's use of derogatory language towards Plaintiff.

19. Between August 17, 2014 and November 31, 2014 Defendant took no action to address Bob Zink's use of derogatory language towards Plaintiff.

20. In November of 2014, Bob Zink grabbed Plaintiff's buttocks with his hands.  Plaintiff objected by stating "Don't grab my Ass Bob! I'm not fucking gay nor do I fucking like it!"

21. In Mid-November of 2014, while Plaintiff was working with a shovel, Bob Zink approached him from behind, grabbed plaintiff's hips and humped (i.e. slammed his crotch into Mr. Torres' buttocks) Plaintiff twice. Plaintiff responded by pulling away and stating "What the fuck Bob? You need to stop this shit!"

22. In Mid-November of 2014, while Plaintiff was connecting fittings to a water meter setter, Bob Zink approached Plaintiff, grabbed Plaintiff's ears, attempted to force Plaintiff's Mouth onto his crotch and said "Suck it Bitch" to Plaintiff. Plaintiff pulled away, told Bob Zink to stop that behavior, and reiterated that he is not gay.

23. The said conduct which occurred in November of 2014 was pervasive, offensive, unwelcome, constant and demeaning.

24. In November of 2014, Plaintiff asked Mr. Zink to stop committing the actions described herein.

25. In November of 2014, Matt Gripka, a project manager and managerial employee of the Defendant, Jeff Gragg, a concrete superintendent and managerial employee of Defendant and Kent Marsh, a project manager and managerial employee of Defendant were made aware of and/or witnessed Mr. Zink's assaults and sexual misconduct towards Plaintiff.

26. In November of 2014 Defendant took no action to address Bob Zink's assaults and sexual misconduct towards Plaintiff.

27. Between Mid-November of 2014 and May of 2015 (with a lay off in January) Bob Zink continued to call Plaintiff a "Bitch", "Stupid Mexican", "Sissy" and "Wet Back."

28. The said derogatory language between Mid-November of 2014 and February of 2015 was pervasive, offensive, unwelcome, constant and demeaning.

29. Between Mid-November of 2014 and May of 2015, Plaintiff asked Mr. Zink to stop using the derogatory language set forth herein.

30. Between Mid-November of 2014 and May of 2015, Matt Gripka, a project manager and managerial employee of the Defendant, Jeff Gragg, a concrete superintendent and managerial employee of Defendant and Kent Marsh, a project manager and managerial employee of Defendant were made aware of and/or witnessed Mr. Zink's use of derogatory language towards Plaintiff.

31. Between November of 2014 and May of 2015 Defendant took no action to address Bob Zink's use of derogatory language towards Plaintiff.

32. On May 27, 2015, Bob Zink grabbed Plaintiff's buttocks again. Plaintiff became very angry with Mr. Zink and stated "How many times do I got to tell you, I'm not gay! Don't grab my ass!"

33. May 27, 2015 was the last date that Plaintiff worked for the Defendant.

34. On June 5, 2015, as a direct and consequent result of the Plaintiff's complaints regarding derogatory language and the Plaintiff's refusal to succumb to Bob Zink's sexual advances, Bob Zink fired the Plaintiff (i.e. terminated his employment).

<strong>COUNT I- SEXUAL HARASSMENT- Discharge</strong>

35. Plaintiff incorporates the allegations set forth in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. At all times alleged in this Complaint, Plaintiff was subjected to derogatory language of a sexual nature.

37. At the times alleged herein, Plaintiff was sexually assaulted and subjected to buttock grabbing, humping and simulated/attempted forced fellatio by Defendant's agent and employee, Bob Zink.

38. The derogatory language and sexual contact alleged herein was unwelcome.

39. The conduct alleged in this Petition was based upon the Plaintiff's Gender/Sex: Male.

40. Bob Zink, the Plaintiff's agent and employee fired the Plaintiff on June 5, 2015.

41. Plaintiff's Gender/Sex, his complaints about the derogatory language and his complaints regarding and rejection of Bob Zink's sexual advances were motivating factor in the Defendant's termination of Plaintiff's Employment.

42. As a direct and consequential result of the conduct alleged herein, the Plaintiff sustained a past, present and future loss of income, pain, suffering, angst, humiliation and loss of enjoyment of life along with such other damages as are supported by the evidence.

43. The actions of the Defendant were intentional, wanton, willful, malicious and outrageous, such that an award of punitive damages is appropriate to punish and deter such conduct.

## COUNT II- EMPLOYMENT DISCRIMINATION- DISCRIMINATION BASED ON RACE AND GENDER

44. Plaintiff incorporates the allegations set forth in paragraphs 1 through 43 of this Complaint herein by reference as if fully set forth herein.

45. The Defendant discharged the Plaintiff.

46. The Plaintiff's gender, male, and race, Hispanic, were motivating factors in the Defendant's Decision to discharge the Plaintiff.

47. As a direct and consequential result of the conduct alleged herein, the Plaintiff sustained a past, present and future loss of income, pain, suffering, angst, humiliation and loss of enjoyment of life along with such other damages as are supported by the evidence.

48. The actions of the Defendant were intentional, wanton, willful, malicious and outrageous, such that an award of punitive damages is appropriate to punish and deter such conduct.

## COUNT III- SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT

49. Plaintiff incorporates the allegations set forth in paragraphs 1 through 48 of this Complaint herein by reference as if fully set forth herein.

50. At all times alleged in this Complaint, Plaintiff was subjected to derogatory language of a sexual nature.

51. At the times alleged herein, Plaintiff was sexually assaulted and subjected to buttock grabbing, humping and simulated/attempted forced fellatio by Defendant's agent and employee, Bob Zink.

52. The derogatory language and sexual contact alleged herein was unwelcome.

53. The conduct alleged in this Petition was based upon the Plaintiff's Gender/Sex: Male and Race: Hispanic.

54. The Defendant's conduct was sufficiently severe and pervasive that a reasonable person in the Plaintiff's position would have found the Plaintiff's work environment to be hostile and abusive.

55. At the time of the conduct alleged herein and as a direct result of that misconduct, the Plaintiff found his work environment to be hostile and abusive at all times relevant to this Complaint.

56. As a direct and consequential result of the conduct alleged herein, the Plaintiff sustained pain, suffering, angst, humiliation and loss of enjoyment of life along with such other damages as are supported by the evidence.

57. The actions of the Defendant were intentional, wanton, willful, malicious and outrageous, such that an award of punitive damages is appropriate to punish and deter such conduct. WHEREFORE, Plaintiff prays for Judgment in a sum greater than $75,000 together with a sum for punitive damages in a sum sufficient to punish and deter the Defendant from like action in the future and for such other relief as the Court deems just and proper.

/s/ *Mark E. Meyer*

By: _____

        Mark E. Meyer #20988
        The Law Offices of Mark E. Meyer, LLC
        2528 SW Wintercreek Dr.
        Lee's Summit, MO 64081
        Phone: (816) 729-0866
        E-Mail: meyerlaw78@yahoo.com

## DEMAND FOR A JURY TRIAL OF ALL ISSUES

Plaintiff demands a jury trial on all issues in this matter.


/s/*Mark E. Meyer*

_____