**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MARCO TORRES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 2:17-cv-02130-JAR-JPO** |
| ) | |
| **KANSAS HEAVY CONSTRUCTION,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S UNOPPOSED MOTION TO SET ASIDE
DEFAULT JUDGMENT AND FOR LEAVE TO ANSWER OUT OF TIME**

Defendant Kansas Heavy Construction, L.L.C. ("KHC") has moved the Court set aside the entry of default entered by the Court in this matter on August 8, 2017 (Dkt. #8) and to allow KHC to file its Answer to Plaintiff's Complaint (Dkt. #1) out of time.  (*See*, Exhibit B, Defendant's Answer to Plaintiff's Complaint.)  KHC's failure to appear or respond in a timely fashion to Plaintiff Marco Torres' ("Torres") Complaint was not the result of culpable conduct. KHC has a meritorious defense to Plaintiff's claims and Plaintiff will not be prejudiced to the setting aside of the Court's entry of default.

KHC's attorney has spoken with Torres's lawyer who does not oppose setting aside the Court's entry of default.  In further support of its motion, KHC provides the following argument and authorities:

    **I.    ARGUMENT AND AUTHORITY**

    **A.  Legal Standard**

"[D]efault judgments are not favored by courts, and an entry of default may be set aside for good cause shown."  *Katzon Bros., Inc. v. U.S. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988). The principle factors recognized in determining whether good cause exists to set aside the entry

of a default are: (1) whether the default was the result of culpable conduct of the defendant; (2) whether the plaintiff will be prejudiced if the default would be set aside; and (3) whether the defendant presented a meritorious defense. *School-Link Technologies, Inc. v. Applied Resources, Inc.*, 471 F.Supp.2d 1101, 1119 (D. Kan. 2007).  However, these factors are not "talismanic." *Fink v. Swisshelm*, 185 F.R.D. 353, 355 (D. Kan. 1999) (citing *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).  This Court need not consider all of the factors in rendering its decision and may take other factors into account.  *Swisshelm*, 185 F.R.D. at 355.

### B.  Culpable Conduct

"Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default."  *Swisshelm*, 185 F.R.D. at 357.  In this instance, KHC's failure to timely answer Plaintiff's Complaint was not because KHC ignored the matter or intended not to respond, but instead is based upon KHC's reliance on its insurance carrier to timely answer the complaint, a mistaken understanding of the claims procedure, and an unintentional mishandling of court documents.

Plaintiff's Complaint was mailed to KHC's business office on June 26, 2017.  ( Dkt #6.) The Complaint was received on or about June 28, 2017.  (*See* Exhibit A, Affidavit of Tom Giefer, ¶ 2.)  Giefer actually received the complaint by regular mail, however, was occupied with duties related to business operations, did not understand what he had received, and initially misplaced Plaintiff's Complaint causing its existence to be neglected.  (*Id.*, ¶ 3.)

On July 11, 2017, Giefer discovered the complaint and forwarded it to KHC's insurer, The Cincinnati Insurance Company ("Cincinnati").  (*Id.*, ¶ 4.)  At the time Plaintiff's Complaint was provided to his insurer, Giefer had a good faith belief that Plaintiff's claims were covered by KHC's general liability policy.  (*Id.*, ¶ 5.)

2

On or about July 17, 2017, Cincinnati issued a letter declining coverage for Plaintiff's claims. (*Id.*, ¶ 6.)  Based on the information in Cincinnati's claim denial letter,  KHC believed it had cover for the claim under its 2014 Auto Owner's general liability policy.  (*See Id., ¶* 7.)  On August 10, 2017, KHC received notice of Plaintiff's motion for entry of default.  (*Id.*, ¶ 8.)  After receiving notice of default, KHC contacted Auto Owner's by phone and were informed they too were denying coverage for Plaintiff's claims and that they had taken no action to retain counsel and/or answer Plaintiff's Complaint.  (*Id.*, ¶ 9.)   KHC immediately began the search for independent counsel, ultimately retaining attorneys from the firm Seyferth Blumenthal & Harris LLC to represent KHC in this matter.  (*Id.*, ¶¶ 10, 11.)  Reliance upon an insurance carrier to timely answer a complaint and late notice of the insurer's failure to do the same can be good cause to set aside an entry of default.  *See Levindofke v. Flex Financial Holding Co.*, 2008 WL 1958344, *2 (D. Kan., May 2, 2008) (setting aside entry of default because, among other things, defendant adequately explained its reliance upon its insurance carrier for the complaint to be timely answered).

KHC received notice of Plaintiff's motion for entry of default on or about August 10, 2017.  (*Id.*, ¶¶ 9, 10)  Counsel was retained the same day.

On August 11, 2017, counsel for KHC reached out to Plaintiff's counsel who indicated he had no opposition to setting aside the entry of default or to KHC answering out of time.  KHC's counsel subsequently set about gathering the necessary information to draft KHC's motion to set aside entry of default and to draft an answer to Plaintiff's Complaint.

## C.  Prejudice to Plaintiff

Even if this Court determines that KHC's failure to timely answer was due to culpable conduct, the Court's entry of default can still be set aside where other factors weigh in favor of

setting aside the entry of default.  *See Crutcher v. Coleman*, 205 F.D.R. 581, 584-585 (D. Kan. 2001) (setting aside an entry of default where defendant's conduct was culpable, but where it did not identify any potential prejudice and defendant presented a meritorious defense).   "The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because the preferred disposition of any case is upon its merits and not by default judgment."  *Id.* at 584 (internal quotation omitted).

Plaintiff has indicated he does not oppose KHC's request that the Court set aside entry of default judgment.  This matter is also early enough in its proceedings that comparable cases would be no further along in the litigation process.  Plaintiff has also not raised any concerns regarding the costs associated with seeking entry of default and, if Plaintiff should ultimately prevail on the merits of his case, he would still be entitled to recover any attorneys' fees incurred.

### D.  Meritorious Defense

Setting aside the entry of default in this matter is also warranted because KHC has a meritorious defense.  Plaintiff alleges that he was subjected to unwelcome sexual conduct that created a hostile work environment by his direct supervisor and that he was unlawfully terminated from his employment by the same supervisor based on his race, gender, and objections to the supervisor's unwelcome sexual advances.  Plaintiff's former supervisor, Bob Zink ("Zink"), adamantly denies these allegations and provided a signed written statement to the Kansas Human Rights Commission evidencing the same.  Matt Gripka (a project manager for

KHC), Jeff Gragg (a concrete superintendent for KHC), Kent Marsh (a project manager for KHC),[1] and Giefer also deny having any contemporaneous knowledge of the alleged harassment.

Even if a trier of fact finds Plaintiff's testimony regarding the alleged harassment Plaintiff purportedly suffered from Zink credible, KHC would still have an affirmative defense to Plaintiff's Sexual Harassment Hostile Work Environment claim if it proves by a preponderance of evidence: (1) KHC exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (2) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Pinkerton v. Colorado Dept. of Transp.*, 563 F.3d 1052, 1059 (10th Cir. 2009).  KHC believes it can meet this burden because, among other things, KHC has implemented policies specifically prohibiting sexual harassment, it has an "open door" policy regarding complaints, it requires all employees (including supervisors) to review and acknowledge the aforementioned policies, and will provide testimony that Plaintiff failed to avail himself of the protection of these policies by not making the various supervisory employees he worked with aware of Zink's alleged bad acts.

Finally, a determination of whether Plaintiff has met his initial burden of establishing a prima facie case of intentional discrimination as it relates to his termination is subject to the *McDonnell Douglas* burden-shifting framework.[2]  *See, e.g.*, *Glover v. NMC Homecare, Inc.*, 106 F.Supp.2d 1151, 1163-1164 (D. Kan. 2000).   Here, KHC advanced a legitimate,

---

[1] In his Complaint, Plaintiff specifically identifies Gripka, Gragg, and Marsh as witnesses to and/or recipients of complaints by Plaintiff regarding Zink's alleged bad acts. (*See, e.g.*,  Dkt #1, ¶¶ 18, 25, and 30.)

[2] Although Plaintiff has titled Count I of his Complaint, "Sexual Harassment – Discharge," the allegations supporting Count I suggest Plaintiff is alleging that his gender/sex and complaints about Zink's sexual advances were the motivating factor in Plaintiff's termination.  These allegations are more consistent with a claim of retaliation or gender discrimination than they are a claim for sexual harassment.

nondiscriminatory reason for its adverse employment decision against Plaintiff during the charge phase of this case—specifically, Plaintiff's demonstrable record of poor attendance.

## II.    CONCLUSION

Entry of default in this alleged discrimination and sexual harassment case was achieved by a combination of KHC's misplaced reliance on a good faith belief the matter was being handled by its insurer and inadvertent mishandling of court documents.  Plaintiff's agreement to not oppose this motion and the early status of this matter make clear that Plaintiff will not be prejudiced if this Court sets aside its entry of default.  KHC will show that Plaintiff was *not* terminated based on his gender/sex or race and that Plaintiff was not subjected to the hostile work environment asserted in Plaintiff's Complaint.

Based on the foregoing, KHC respectfully requests this Court set aside the default entered on August 8, 2017 (Dkt. # 8), and permit Defendant to file the attached Answer to Plaintiff's Complaint and to proceed to litigate this case on its merits.

Respectfully submitted,

**SEYFERTH BLUMENTHAL & HARRIS LLC**

/s/ *Michael L. Blumenthal*
Michael L. Blumenthal, KS 18582
Nickalaus Seacord, KS 78701
4801 Main Street, Suite 310
Kansas City, Missouri  64112
Telephone:  (816) 756-0700
Facsimile:  (816) 756-3700
Email: mike@sbhlaw.com
        nick@sbhlaw.com

**Attorneys for Defendant**

6

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Defendant's Unopposed Motion to Set Aside Default Judgment and for Leave to Answer Out of Time was served via the Court's e-filing system on August 17, 2017, with notice being sent to:

Mark E. Meyer, KS 20988
The Law Offices of Mark E. Meyer, LLC
2528 SW Wintercreek Dr.
Lee's Summit, MO  64081
Phone:  (816) 729-0866
E-Mail:  meyerlaw78@yahoo.com

**Attorneys for Plaintiff**

/s/ *Michael L. Blumenthal*
**Attorney for Defendant**