# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARCO TORRES,

    Plaintiff,

v.                                  Case No. 2:17-CV-2130-JAR-JPO

KANSAS HEAVY CONSTRUCTION, L.L.C.,

    Defendant.

## MEMORANDUM & ORDER

On April 23, 2018, Magistrate Judge O'Hara issued a Notice and Order to Show Cause (Doc. 43) directing Plaintiff Marco Torres to show cause to the undersigned, on or before May 11, 2018, why this action should not be dismissed in its entirety with prejudice for lack of prosecution under Fed. R. Civ. P. 41(b). Judge O'Hara found that Plaintiff had stopped participating in the case, was not responding to his now former attorney's attempts to reach him, and failed to attend the scheduled mediation. Judge O'Hara also noted Defendant Kansas Heavy Construction, L.L.C.'s pending motion for summary judgment.

On May 23, 2018—nearly two weeks after the May 11 deadline—the Court received a letter from Plaintiff in response to Judge O'Hara's order.[1] In that letter, Plaintiff states that he misplaced his cell phone in January and, although he obtained a new phone by January 7, 2018, his email communication was not restored until early February. Plaintiff claims that this disruption in his ability to communicate by email caused him to miss the mediation scheduled for January 19, 2018, but that he never stopped participating in his case. Plaintiff states that he has

---

[1] Doc. 44.

this

opted to take his former attorney's advice to hire new counsel, and that he has managed to find a new attorney who is "guiding [him] through this process until given the opportunity to possibly take over [his] case."[2] Plaintiff states that the "helping attorney" he is "speaking with"[3] has advised him to request a hearing on his former counsel's motion to withdraw. Finally, Plaintiff requests the Court's guidance on how to proceed.

Although Plaintiff's response to the show-cause order is late, the Court will grant him one final chance to avoid the dismissal of his case. As noted by Judge O'Hara, Defendant has filed a motion for summary judgment.[4] Pursuant to D. Kan. Rule 6.1(d)(2), Plaintiff's response to that motion was due on May 11, 2018. D. Kan. Rule 7.4(b) provides that "[a]bsent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum." Thus, Plaintiff or his attorney must file a motion establishing excusable neglect and seeking leave to respond out of time pursuant to D. Kan. Rule 7.4(b) and Fed. R. Civ. P. 6(b)(1)(B).

The relevant factors in considering whether a party seeking leave to respond out of time has established excusable neglect are: "(1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for the delay and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party."[5]

---

[2] *Id.* at 1.

[3] *Id.*

[4] Doc. 38.

[5] *Scott v. Power Plant Maint Specialists, Inc.*, Civil Action No. 09-CV-2591-KHV, 2010 WL 1881058, at *2 (D. Kan. May 10, 2010) (citing *Hamilton v. Water Whole Intern. Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008)); *see also A.H. ex rel. Hohe v. Knowledge Learning Corp.*, Civil Action No. 09-2517-DJW, 2011 WL 1344146, at *1

The Court will grant Plaintiff leave to oppose Defendant's motion for summary judgment out of time only if Plaintiff, on his own behalf or through counsel, can make a showing of excusable neglect in a motion filed on or before June 14, 2018.  Further, the Court urges Plaintiff to carefully read Fed. R. Civ. P. 56, D. Kan. Rule 56.1, and the Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment,[6] which Defendant filed contemporaneously with its summary judgment motion as required by Local Rule 56.1(f).[7]  The Court cannot grant Plaintiff a hearing on his former counsel's motion to withdraw, as that motion has already been granted.[8]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff, or Plaintiff's attorney, shall file a motion on or before June 14, 2018 seeking leave to file a response to Defendant's motion for summary judgment out of time.  If Plaintiff fails to do so, or if Plaintiff fails to establish excusable neglect, the Court will proceed to consider and decide Defendant's motion as uncontested pursuant to D. Kan. Rule 7.4.

**IT IS SO ORDERED.**

Dated: June 1, 2018

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

(D. Kan. Apr. 8, 2011) (quoting *Pro Fit Mgmt., Inc. v. Lady of Am. Franchise Corp.*, No 08-CV-2662-JAR-DJW, 2011 WL 939182, at *2 (D. Kan. Feb. 25, 2011)).

[6] Doc. 40.

[7] When mailing this Order to Plaintiff, the Court has included a copy of the Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment.

[8] Doc. 42.