

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARCO TORRES,                )
                             )
            Plaintiff,       )
                             )
v.                           )    Case No. 17-2130-JAR
                             )
KANSAS HEAVY CONSTRUCTION,   )
L.L.C.                       )
                             )
            Defendant.       )

**F I L E D**

JUN 13 2018

TIMOTHY M. O'BRIEN CLERK
By_____Deputy

## PLAINTIFF'S MOTION FOR EXTENSTION OF TIME TO RESPOND TO REQUESTS FOR ADMISSION AND RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff makes this Motion for more time to respond to the Requests for Admission and Defendant's Motion for Summary Judgment. The court should grant my requests for the reasons I set out below.

First, it is important to look at the chain of events in order. This information comes from the Docket.

1. On March 1, 2017, my attorney filed the Complaint (Doc. 1). In that complaint, I alleged several facts regarding the discrimination I suffered. For example, in paragraphs 15 through 34, I described the acts of discrimination of the defendant.

2. Attached to the Complaint is the charge of discrimination filed with the Kansas Human Rights Commission. While the charge does not contain the detail

1

of the Complaint, it does state that "I was subjected to derogatory names regarding my ancestry and my sex by my supervisor", that "I was subjected to physical sexual harassment by my supervisor", that "I was subjected to disparate treatment", and that "I was terminated" due to my ancestry.

3. At the end of the charge, I signed it in front of a notary, and swore that the contents were true.

4. The Defendant was properly served, but failed to answer on time. On August 8, 2017, a default judgment was entered against the defendant in my favor. Doc. 8. On August 17, however, my attorney agreed to allow Defendant to answer late. Doc. 10. Defendant's excuse was that the person who received the complaint in the mail "was occupied with other duties . . . and did not understand what he had received, and initially misplaced" the Complaint "causing its existence to be neglected." Doc. 11, p. 2. Defendant also claimed it had a "meritorious defense" and so it should be allowed to file a late answer.

5. Sometime in January 2018, I lost my cell phone. I was unable to check my voicemail or receive emails. In February, I was able to get my phone restored, and attempted to contact my attorney.

6. According to the Docket, Requests for Admissions were served on my attorney on Tuesday, February 27, 2018. Doc. 31.

7. The following Monday, March 5 – less than a week after the Requests for Admissions were supposedly served on my attorney – my attorney filed a Motion

2

to Withdraw as my attorney. Doc. 32. Attached to his motion is a letter he sent, dated February 23, 2018, before the Requests for Admissions were served. The letter does not mention the Requests for Admission.

8. Strangely, I got another letter from Mr. Meyer also dated February 23, 2018, that says a couple of things: First, he says, "I write to follow up on my prior correspondence. *Thank you for the phone call which followed it.*" This means I DID contact him. Then, he says, "I have had some professional obligations arise which will make it untenable for me to continue to represent you." I am confused about why he later claimed he could not reach me, and then used that as an excuse to withdraw, when the reason he told me was that he had professional obligations. I sent that letter to the judge on May 22, 2018.

9. My phone records show that I called my attorney three times on March 5, 2018, and once on March 6. I have attached those records.

10. On March 27, 2018, my attorney told the court that he had not received the certified mail receipt of his Motion to Withdraw. Doc. 34. I was not aware of it.

11. On March 27, that same day, my attorney asked for more time to respond to discovery. Doc. 35.

12. On March 28, 2018, the court said it was unable to grant the Motion to Withdraw because the certified mail had not been received.

13. On April 20, almost a month later, Defendant filed a Motion for Summary Judgment. Doc. 38. It also filed a Memorandum in Support of that Motion. Doc.

3

39. In the Memorandum, at paragraph 6 on page 2, Defendant says that it asked me to admit a lot of things about my complaint. It then says that because I did not respond, I have admitted those things. But I had sworn under oath, when I filed the charge of discrimination, that those things happened.

14. This is important. ***On April 20, 2018, when the Motion for Summary Judgment was filed, Mr. Meyer was still my attorney. The Motion to Withdraw was not granted until three days later, on April 23. Doc. 42.*** I do not know why my attorney allowed the Requests for Admissions to go unanswered. Even if he could not contact me – which I dispute – he could have denied the Requests.

15. On April 21, 2018 – before the Motion to Withdraw was granted -- I emailed my attorney about discovery. I told him then "I still don't have the knowledge or background on how to proceed with the given information." I have attached a copy of that email.

16. On May 22, 2018, I sent a letter to the Judge explaining what had happened, and included the February 23 letter from Mr. Meyer.

I understand that I have certain obligations concerning my lawsuit. But I don't know anything about the law and that is why I hired a lawyer in the first place. I am actively looking for another lawyer to represent me, but it is difficult because of the situation with the Requests for Admissions and the Motion for Summary Judgment.

I was not aware of the Requests for Admissions. I certainly did not understand that if my lawyer did not respond, it would be like I actually admitted those things. It

4

should be obvious from the Charge of Discrimination, which I swore was true, that I DO NOT admit those things. Then, that was used against me in the Motion for Summary Judgment.

The timing of the Requests for Admissions seems strange to me, especially since my attorney was talking about withdrawing. I think I have been taken advantage of.

When I filed this lawsuit, the Defendant did not file an answer on time. They used the excuse that they were occupied with other duties and did not understand what they had received, and initially misplaced it. And they said they had a "meritorious defense." Because of that excuse, they were allowed to do something after a deadline.

I believe I should be treated the same way now. I trusted my lawyer to take care of the legal part of this case, and I think I had a right to rely on him. Since he has been allowed to withdraw as my lawyer, I have tried to find another lawyer. I should be excused the same way the defendant was, and I believe my case is meritorious.

Under the circumstances, I respectfully ask this court to do three things:

1. Allow me a reasonable amount of time to find another lawyer.

2. Allow me more time to respond to the Requests for Admissions.

3. Allow me more time to respond to the Motion for Summary Judgment.

I believe that if the court allows me items 2 and 3, I would be able to find a lawyer quickly.

Thank you for considering my requests.

5

*Marco Torres*

Marco Torres

I have mailed a copy of this Motion to the lawyers for the Defendant on June 13, 2018.

*Marco Torres*

Marco Torres